```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

DONNA M. HILLER,                :
    Plaintiff
                                        :

    vs.                         :    CIVIL NO. 1:CV-06-0557

JO ANNE B. BARNHART,            :       (Judge Caldwell)
Commissioner of Social
Security,                       :    (Magistrate Judge Smyser)
    Defendant


                          O R D E R

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

       This is an action pursuant to 42 U.S.C. § 405(g) to review the decision of Defendant, the Commissioner of the Social Security Administration, denying Plaintiff's application for disability insurance benefits under the Social Security Act.  We are considering Defendant's Objection to the Magistrate Judge's report which recommends that we grant Plaintiff's appeal of the denial of benefits and remand for further proceedings.

       Defendant's only objection concerns the Administrative Law Judge's (ALJ) finding that Plaintiff retains the Residual Functional Capacity (RFC) to perform unskilled light work.  The Magistrate's report concludes that the ALJ failed to reconcile inconsistent findings about the effects of Plaintiff's concentration problems on her ability to engage in unskilled work.

In step three of the five-step sequential evaluation process required by 20 C.F.R. § 404.1520, the ALJ determined that Plaintiff had moderate difficulty in concentration. (Tr. 16). In evaluating Plaintiff's RFC as part of step five, however, the ALJ determined that Plaintiff had no non-exertional limitations and could perform unskilled light work. *Id*. Therefore, the ALJ applied the Medical-Vocational Rules and made a finding that Plaintiff was "not disabled." (Tr. 20).

The ALJ reached this conclusion despite a vocational expert's (VE) testimony that a hypothetical person with similar problems could not work. In reviewing the ALJ's decision, the Magistrate concluded that, by failing to reconcile the inconsistency in steps three and five of the evaluation process as well as explain the basis for rejecting the VE's testimony, the ALJ's decision was not supported by substantial evidence. (doc. 7 at 23).

Defendant objects to the Magistrate's conclusion and contends that the ALJ resolved the inconsistency in her decision by concluding that "any concentration deficits that Plaintiff had would not preclude the performance of unskilled work." (doc. 8 at 2). We reject this objection and adopt the Magistrate's conclusion that the determination that Plaintiff had no non-exertional limitations was not supported by substantial evidence.

In reviewing the ALJ's denial of disability benefits, we must determine whether there is substantial evidence in support of the ALJ's decision. *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000). When making the RFC determination, the ALJ must consider all of the evidence and provide an explanation regarding the evidence which has been rejected. *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 121 (3d Cir. 2000); *Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981). This explanation permits the reviewing court to evaluate whether the ALJ's basis for rejecting certain evidence was improper. *Cotter*, 642 F.2d at 706-07.

Here, the ALJ's explanation cited by the Defendant, that "any concentration deficits that Plaintiff had would not preclude the performance of unskilled work," is insufficient to reconcile the evidence regarding Plaintiff's capabilities. Conflicting evidence existed regarding the severity of Plaintiff's concentration difficulties and its effect on her ability to work. The testimony of Plaintiff and two doctors, as well as the ALJ's finding in step three of the sequential evaluation process, showed Plaintiff's concentration problems. While the ALJ provided a basis for rejecting Plaintiff's testimony based on her lack of credibility, the ALJ did not address why the other evidence was rejected. Additionally, the ALJ apparently rejected the VE's testimony in evaluating Plaintiff's ability to perform certain jobs but failed to provide a reason for doing so. By failing to

3

explain the rejection of the VE's testimony, the ALJ's decision lacks the necessary "clear and satisfactory explication of the basis" for her ultimate conclusion that Plaintiff was not disabled according to the Medical Vocational Rules. *Id.* at 704. Therefore, we agree that the ALJ's decision was not supported by substantial evidence. Accordingly, we grant Plaintiff's appeal of the Commissioner's decision.

AND NOW, this 7th day of November, 2006, upon consideration of the report (doc. 7) of the magistrate judge, filed August 28, 2006, and upon independent review of the record, it is ordered that:

    1. The Magistrate Judge's report is adopted;

    2. Plaintiff's appeal of the Commissioner's decision denying disability benefits is granted;

    3. This matter is remanded to the Administrative Law Judge for further proceedings consistent with this Order and the Magistrate Judge's Report.

                                          /s/William W. Caldwell
                                          William W. Caldwell
                                          United States District Judge